IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:  THE MATTER OF THE            )
COMPLAINT OF KIRBY INLAND            )
MARINE, L.P., etc., PETITIONING      )   CIVIL ACTION 13-0319-WS-C
FOR EXONERATION FROM OR              )
LIMITATION OF LIABILITY              )

**ORDER**

This matter is before the Court on the motion of claimants Casey Tyson, Justin Kyle Benoit and Maebell Muns Benoit to clarify or, if necessary, to amend the limitation injunction.  (Doc. 12).  The plaintiff and various claimants have filed responses, (Docs. 25, 28, 31), the movants have filed replies, (Docs. 27, 33), and the motion is ripe for resolution.[1]

Along with its complaint for exoneration or limitation, the plaintiff filed a motion for an order restraining prosecution of claims, (Doc. 1, Attachment 4), as well as a proposed order granting the motion.  (*Id*., Attachment 5).  The Court reviewed the plaintiff's filings and, pursuant to Rule F(3), granted the plaintiff's motion and entered the proposed order.  (Doc. 8).  The provision placed at issue by the pending motion reads as follows:

> (6) IT IS FURTHER ORDERED that the commencement and/or further prosecution of any claim, action or proceeding against the Petitioner, the T/B KIRBY 28182 and/or the T/B KIRBY 28194 and/or their underwriters or any of Petitioner's property with respect to any claim or action for which Petitioner seeks exoneration from or limitation of liability, *including any claim or action arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty described in the Complaint* be, and any such claim or action is hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore

---

[1] The plaintiff's motion for oral argument, (Doc. 26), is **denied**.  See Local Rule 7.3.  The similar request of certain claimants, (Doc. 28 at 1), is likewise **denied**.

>filed actions or claims be stayed and restrained until the hearing and determination of this proceeding ….

(Doc. 8 at 3 (emphasis added)).

The motion to clarify seeks clarification that the italicized language does not extend the stay beyond the plaintiff, its underwriters, its listed barges and other property. In particular, the movants seek reassurance that the Court has not enjoined the prosecution of claims or cases against Oil Recovery Inc. of Alabama ("ORC"), including the ones they have filed against ORC, the plaintiff and others in state court. Should the Court clarify that paragraph (6) enjoins the prosecution of claims against ORC, the movants seek an amendment of the injunction to exclude ORC from the injunction's reach.[2]

"The district court is in the best position to interpret its own orders." *Alley v. United States Department of Health and Human Services*, 590 F.3d 1195, 1202 (11th Cir. 2009) (internal quotes omitted). So much so that, "[w]hen a district court interprets its own order we are obliged to review that interpretation for abuse of discretion and accord its interpretation deference so long as it is reasonable." *Nebula Glass International, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1211 (11th Cir. 2006). The order at issue herein is simple enough to interpret; indeed, the Court wonders that interpretation is needed at all.

Paragraph (6) expressly lists the persons, entities and property in favor of which the injunction runs: the plaintiff, its underwriters, and its property. There can be no ambiguity about that. The italicized clause does not magically expand this list of protected entities or remotely suggest any such expansion. It merely, clearly specifies that the universe of "claim[s] or action[s] for which Petitioner seeks exoneration from or limitation of liability" (which are the only claims

---

[2] The motion to clarify identifies only ORC. ORC has since filed a claim and answer, (Doc. 29), but so has ORCA, Inc., which identifies itself as an entity leasing its premises to ORC. (Doc. 30 at 5). ORC and ORCA, Inc. have filed a joint response to the motion to clarify. (Doc. 28). Although the motion to clarify does not by its terms extend to ORCA, Inc., the Court's analysis necessarily applies equally to both entities.

"hereby stayed and restrained") includes claims or actions against the plaintiff, its underwriters or property arising out of the casualty described in the complaint.

As noted, the Court entered the order pursuant to Rule F(3). That rule provides that, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding *against the plaintiff or the plaintiff's property* with respect to any claim subject to limitation in the action." (emphasis added). Rule F(3) does not provide for enjoining actions against unrelated entities. By invoking Rule F(3), the Court made doubly clear that the injunction extends only to the plaintiff, its underwriters and its property and not to unrelated entities such as ORC.

The only interested party to suggest that paragraph (6) stays the movants' actions against ORC is the plaintiff. The sum total of its argument in this regard is that the order "requires no clarification or amendment" because it "clearly stays 'any claim or action arising out of or connected in any way' to the explosion of" the barges, including those against ORC. (Doc. 25 at 1). As explained above, the order obviously does no such thing, and merely insisting that it does so is no substitute for a reasoned explanation.

Of course, it would be somewhat awkward for the plaintiff to press its position more forcefully, since it is the author of paragraph (6). The plaintiff argues at length that the Court has the discretion – but not the obligation – to enjoin the prosecution of claims against unrelated entities. (Doc. 25 at 4-12). For a party to submit, without input from other parties and without clear notice to the Court, a proposed order that performs anything more than the standard functions of such initial orders, would be irregular at best. To seek to accomplish sub silentio a favorable exercise of the Court's discretion by such means would be more questionable still. The Court elects to assume that, despite its post hoc interpretation, the plaintiff did not intend or attempt any such sleight of hand.

The plaintiff and certain claimants assert that the motion to clarify – or at least a ruling thereon – is premature. (Doc. 25 at 2-3; Doc. 31 at 2-4). The Court

construes these objections as going only to the claimants' alternative motion to amend the limitation injunction and not to the antecedent motion to clarify what the injunction currently says.  To the extent these objections are in fact directed to the motion to clarify, the Court rejects them.  It can hardly be "premature" for the Court to "clarify" what its existing order already plainly says, and the objectors present no authority or rationale that could even remotely draw that conclusion into question.[3]

For these reasons, the motion to clarify is **granted** and the order is clarified as set forth above.  The motion to amend the injunction limitation is **denied as moot**.[4]

DONE and ORDERED this 6th day of August, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Certain claimants suggest that consideration of the motion to clarify is premature because the movants have not filed motions to clarify the limitation injunction entered in the two other limitation actions arising from the subject incident. (Doc. 31 at 3).  But why should they, since the (different) language of those injunctions so pellucidly excludes unrelated entities like ORC that an argument otherwise would seriously test the boundaries of Rule 11?  The claimants plainly are entitled to seek clarification of this limitation injunction even if they never seek clarification of any other.

[4] The substantively similar – indeed, essentially verbatim – motion to clarify lately filed by claimants George and Althea Erickson, (Doc. 37), is likewise **granted** and the order likewise clarified, and the Erickson's alternative motion to amend the injunction limitation is likewise **denied as moot**.